LAND & RIVER COMPANY, REORGANIZED, Respondent, vs.
CITY OF SUPERIOR, ·Appellant.

*September 13—October· 3, 1911.*

*Municipal corporations: Street paving: Special assessments: Lots
when exempt: Previous payments: Statute construed.*

1. In determining whether, under sec. 959—35, Stats. (Laws of 1909,
   ch. 329), a lot is subject to assessment on account of a proposed
   permanent pavement, the maximum amount chargeable to the
   lot in a city of the second or third class is $2 per square yard
   for the area proposed to be paved in front of it between the
   center line of the roadway and the curb line, and that amount
   is to be reduced by the aggregate of all previous assessments
   for paving in front of the lot between said center line and the
   curb line as established at the time of such previous paving.
2. In all cases the cost of the curb is a part of the cost of paving,
   and the "curb line" is the line thereof nearest the lot.
3. The previous paving assessments in their entirety, as made and
   paid, should be regarded as conclusive of the amount with
   which a lot is to be credited as having paid, regardless of the
   identity of the curb line then established with the curb line
   established for the proposed pavement.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

The street on which fronted or abutted several lots in the
city of *Superior,* Wisconsin, owned by respondent, prior to
1910, was paved, or paved and repaved, special assessments
on account thereof being made against each such lot and in
due course paid. In such year the street was improved by a
permanent pavement having a concrete foundation, the lots
being assessed as before, without recognizing any right of ex-
emption because of pavement assessments previously paid.
Respondent complained thereof, relying on sec. 959—35,
Stats. (1898), as amended by ch. 329, Laws of 1909, and
presented the matter to the court below by appeal, duly taken.
The trial resulted in findings of fact to the effect that prior
to the improvement of 1910, there had been paid for pave-

ment assessments against each lot on account of paving in front thereof, more than $2 per square yard of the area of roadway in such front between the curb line, as established for the last pavement, and the center line of the street, and that the preparation of the street for paving, the concrete foundation, and the curbs and headings were essential parts of the paving. Thereon the conclusion was reached that the lots were exempt from any burden for the 1910 pavement. Judgment setting aside the assessments was accordingly ordered and rendered.

For the appellant there was a brief by *R. I. Tipton,* city attorney, and *T. L. McIntosh,* assistant city attorney, and oral argument by *Mr. Tipton.*

For the respondent there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

MARSHALL, J. The appeal turns on the meaning of the statute (sec. 959—35, Stats.: Laws of 1909, ch. 329) which reads as follows:

"No property fronting on any street or avenue shall be exempt from any assessment of benefits on account of the paving thereof with a permanent pavement, having a concrete foundation, until such property, if located in a city of the first class, shall have paid in the aggregate in assessments for street pavements in front thereof, the sum of two and one-half dollars per square yard, or if located in a city of the second or third class, the sum of two dollars per square yard; such assessments in each case to include all that part of the roadway directly in front of or abutting the property, and lying between the curb line and the center of such roadway. Whenever any property has paid less than the amount in this section required, it shall be held liable for any difference up to the full amount herein required."

The law is by no means plain. A lengthy analysis thereof would not materially aid in clearing up the obscurity. There are no adjudications throwing any light on the subject.

Therefore, it seems best to rest the matter without much more than stating the conclusion reached.

It is considered most probable that the words "such assessments in each case" refer to any and all paving assessments against a lot on account of benefits—one for the particular or any kind of pavement—till it shall have been burdened, in the aggregate, for paving in front thereof to the extent of $2 per square yard of that part of the roadway mentioned, the maximum, in case of the particular pavement, being $2 per square yard of the roadway between the curb line *in præsenti* and the center of the street, that to be reduced by the aggregate of previous paving burdens on account of the territory between such lines or the curb and center lines as they existed at the time such burdens were imposed,— the curb line in each case to include the curb as a part of the pavement. That is to say, in determining, in any case of a permanent improvement under the statute, whether a lot is chargeable with any part of the expense thereof and, if so, how much, the area proposed to be paved in front of the lot from the side of the curb nearest thereto out to the center line of the street, is to be regarded in determining the debit item, and previous payments on account of special assessments for paving in front of the lot between such center line and such side of the curb as established at the time of the pavements respectively to constitute the credit items. Thus, in all cases, in contemplation of the statute, the expense of the curb is a part of the paving expense and the curb line the line thereof nearest the lot.

Further, it does not seem likely the legislature contemplated, in case of an assessment of benefits to a lot on account of paving in front of it, and the subsequent laying of a permanent pavement with concrete foundation, splitting up the former assessment in determining the credit items as to the latter. There might be a long period between the two events as witnessed by the eighteen-year period in this case. The

legislative idea doubtless was that the paving assessments, in their entirety—the assessments as made and paid,—should be taken as conclusive, regardless of the identity of the curb line on the one with that on another occasion.

Regarding the subject as indicated and that the $2 charge per square yard in each case, is limited to the area of the improved roadway from the center thereof to the lot side of the curb at the time for considering the subject of whether the lot should be assessed an additional pavement burden, renders administration of the statute free from serious difficulty. Any other view would be very likely to promote uncertainty, leading to many disputes and much litigation to the prejudice of all parties concerned.

The views above expressed require approval of the findings of fact and conclusion of law made below.

*By the Court.*—The judgment is affirmed.

BARNES, J., took no part.